Ella SUMLIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 94–1696EM.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1994.

Decided Jan. 30, 1995.

Ella Sumlin, pro se.

Dean R. Hoag, St. Louis, MO, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Ella Sumlin unsuccessfully challenged her convictions for related drug and weapons offenses in an earlier appeal. *See United States v. Sumlin,* 909 F.2d 1218, 1219 (8th Cir.), *cert. denied,* 498 U.S. 1000, 111 S.Ct. 559, 112 L.Ed.2d 566 (1990). Sumlin then filed this motion for relief under 28 U.S.C. § 2255. After the magistrate judge recommended the denial of Sumlin's motion, the district court granted Sumlin a twenty-day extension to file objections to the magistrate judge's report. Before the extension expired, however, the district court adopted the

report. Nevertheless, Sumlin filed her objections within the extended time period and brought this appeal. We affirm.

■ On appeal, Sumlin pursues ineffective assistance of counsel claims that she raised in her objections to the magistrate judge's report. Because we reach the merits of these claims, any error the district court may have committed by adopting the report before Sumlin's time extension had expired is harmless. *See Randolph v. Delo*, 952 F.2d 243, 247 (8th Cir.1991) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 1967, 118 L.Ed.2d 568 (1992). In her objections and appellate brief, Sumlin also challenges the sufficiency of the evidence supporting her convictions, and her sentence. We decline to consider these issues, however, because they were neither raised in Sumlin's section 2255 motion nor presented to the magistrate judge. We now turn to Sumlin's claims that her trial counsel failed to provide effective assistance.

■ Although Sumlin contends her counsel failed to challenge the sufficiency of the evidence to sustain her conviction on the drug-related weapons charge, the record shows counsel moved for acquittal on this ground. Thus, contrary to Sumlin's view, counsel did not provide constitutionally ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Similarly, counsel's decision not to call Sumlin as a witness to prevent the government from cross-examining Sumlin about an earlier drug conviction clearly falls within the limits of reasonable trial strategy. *See Eltabech v. Hopkins*, 997 F.2d 386, 390 (8th Cir.1993). Despite Sumlin's complaint that her counsel did not call her to the witness stand at either of her trials, Sumlin's objections make clear that she did not testify because she "followed the instructions" of her counsel, instructions that we recognize as an acceptable strategic decision. Even assuming Sumlin's trial counsel should have called her as a witness, the magistrate judge correctly observed that "[n]owhere [did] Sumlin indicate what her testimony would have been had she testified[,] whether [her testimony] would have been different than the defense witnesses called at trial," and "that, had she testified,

the outcome would have been different." Thus, Sumlin has not shown that she was actually prejudiced by her counsel's action. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Foster v. Delo*, 39 F.3d 873, 877 (8th Cir.1994) (en banc). Likewise, Sumlin has not specified how her counsel's failure to call a police officer as an additional defense witness affected the outcome of her trial.

■ Sumlin also contends the district court failed to conduct de novo review under 28 U.S.C. § 636(b)(1). There is no indication, however, that the district court did not have access to Sumlin's trial transcript or other necessary records when the court reviewed the magistrate judge's report. *See United States v. Hamell*, 931 F.2d 466, 468 (8th Cir.), *cert. denied,* 502 U.S. 928, 112 S.Ct. 347, 116 L.Ed.2d 286 (1991). The mere fact the district court prematurely adopted the magistrate judge's report "does not warrant the presumption that the court did so without review." *McGill v. Goff*, 17 F.3d 729, 731 (5th Cir.1994). We do not agree with Sumlin that "a meaningful review of the magistrate judge's report could not be had in the absence of [Sumlin's] objections." *Id.* at 732. Thus, Sumlin has not made a prima facie showing that the district court failed to conduct de novo review, and we presume there was a proper review. *See Hamell*, 931 F.2d at 468.

Accordingly, we affirm.