**Larry GRINDER, Plaintiff,**

**Edward A. Loetel, Appellant,**

v.

**James A. GAMMON; Dora B. Schriro, Appellees.**

**No. 95–2290.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1995.

Decided Jan. 10, 1996.

Edward A. Loetel, pro se.

Christine A. Alsop, Asst. Atty. Gen., St. Louis, MO, for appellee.

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

Edward A. Loetel appeals from the district court's grant of summary judgment in his 42

U.S.C. § 1983 action. We reverse and remand for a de novo review of the magistrate judge's report and recommendation.

While incarcerated at Moberly Correctional Center (MCC), Loetel filed this section 1983 action against defendants James A. Gammon, Superintendent at MCC, and Dora B. Schriro, Director of the Missouri Department of Corrections (DOC). Loetel sought monetary, declaratory, and injunctive relief from the health risks associated with inadequate ventilation of the facility, including exposure to environmental tobacco smoke (ETS), in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He also claimed MCC violated the Equal Protection Clause and the Missouri Indoor Clean Air Act (MICAA).

Defendants moved for summary judgment, arguing they were entitled to qualified immunity prior to June 1993 when the Supreme Court decided *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), identifying excessive exposure to ETS as a violation of a prisoner's rights, and that their post-*Helling* conduct did not violate Loetel's rights.

The evidence submitted to the district court, when considered in the light most favorable to the plaintiff, indicated the following with regard to the ventilation system in the housing unit Loetel occupied. Of approximately forty-five documented ventilation system repair/maintenance requests, work orders showed forty-four specific instances of air handler/exhaust fan malfunctions, and fourteen requests for cleaning or maintaining fans. In the fall of 1993, when inspecting air handler units, inmate maintenance worker Carl Bounds observed the units lacked the filters necessary for cleaning the air. According to Bounds, new filters were ordered in November 1993 yet remained uninstalled and in their original shipping containers in April 1994. The evidence also revealed the following with regard to ETS levels in Loetel's housing unit. Although DOC's smoking policy required inmates to smoke in their cells and staff to smoke outside, cigarette smoke was pervasive throughout the common area. Smoke entered Loetel's cell from the common area via spaces at the top and bottom of his cell door. During cooler months, the air handler units drew air from the common areas to be heated and recirculated; due to the cold weather, cell windows were impractical means of ventilation. As a result of Loetel's exposure to ETS, Loetel experienced severe irritation to his eyes, nose, and throat, as well as restricted breathing, increased respiratory illness, headaches, and an overall decline in his health.

The magistrate judge recommended granting summary judgment to the defendants. On the Eighth Amendment claim, the magistrate judge agreed the defendants enjoyed qualified immunity prior to the June 1993 *Helling* decision. With regard to the period after June 1993, the magistrate judge determined Loetel raised a genuine issue of fact regarding the adequacy of MCC's ventilation system, the severity of MCC's ETS levels, and whether Loetel was exposed to unreasonably high levels of ETS. The magistrate judge, however, concluded there was no similar issue of material fact regarding the defendants' lack of deliberate indifference because: (1) defendants relied on DOC's smoking policy which allowed smoking only in cells and outside; (2) the work orders served as a mechanism for monitoring maintenance and repair of the ventilation system; (3) if some repairs were not made in a timely manner, nothing in the record suggested the delay was attributable to defendants; and (4) Loetel's request to be housed with a nonsmoker was accommodated. The magistrate judge also found Loetel's MICAA and Equal Protection arguments meritless.

■ The district court granted Loetel an extension to file his objections to the magistrate judge's report through March 28, 1995. Loetel's objections were filed with the district court on March 29; the court granted leave to file them out of time. In any event, the objections were timely because Loetel delivered them to prison officials on March 24 with instructions that they be delivered to the court. *See Hamm v. Moore*, 984 F.2d 890, 892 (8th Cir.1992) (applying "mailbox rule" to court filings submitted by prisoners).

In his objections, Loetel challenged the magistrate judge's conclusions that defendants responded promptly to work orders

and enforced the smoking policy. Loetel argued his evidence raised a genuine dispute as to whether inmates and staff routinely violated the DOC smoking policy by smoking in the common areas of his housing unit. Loetel argued defendants must have known he was exposed to excessive ETS levels both directly and through a ventilation system lacking adequate filtering capabilities, which recirculated ambient air from those areas where the smoking policy was not enforced.

On March 31, 1995, the district court adopted the magistrate judge's recommendations and granted defendants' motion for summary judgment on all counts, noting that "Plaintiffs ... have not filed objections." On appeal, Loetel argues summary judgment was inappropriate because the district court could not have reviewed his objections de novo if it was unaware they had even been filed.

■ In *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir.1994), this Court held that where the district court does not conduct a de novo review of a magistrate judge's report where such review is required, this is reversible error. *See* 28 U.S.C. § 636(b)(1) (district court shall review de novo those portions of magistrate judge's report to which objection is made). In *Belk*, the judge unambiguously stated that de novo review in that case was not required when, in fact, it was required.

In this case, no mention of the standard of review was made. At issue, therefore, is whether this Court should hold that the district judge's erroneous belief that valid and timely objections were never filed to the magistrate judge's report constitutes prima facie evidence that the district court did not conduct de novo review of the report.

■ It is well established in this Circuit that, where a district judge is required to perform de novo review of the magistrate judge's report, "in the absence of any evidence to the contrary, we will presume that the review was done properly." *United States v. Hamell*, 931 F.2d 466, 468 (8th Cir.), *cert. denied*, 502 U.S. 928, 112 S.Ct. 347, 116 L.Ed.2d 286 (1991).

This rule was extended in *Sumlin v. United States*, 46 F.3d 48, 49 (8th Cir.1995) (per

curiam), where this Circuit held that the district judge's adoption of the magistrate judge's report before the filing period for objections had expired and in the absence of objections "does not [automatically] warrant the presumption that the court did so without review." *Id.* Because there was no evidence that the trial transcript was not available to the district judge, meaningful review could still be had in the absence of objections to the magistrate judge's report, and no other evidence indicating failure to perform a de novo review was offered, the court presumed proper review. *Id.*

*Sumlin* is distinguishable from the present case. In *Sumlin*, the district judge knew that by adopting the report before the period for filing objections had expired, he would have to perform a de novo review (for if he did not perform a de novo review and objections were filed before the filing deadline but after the district court order was issued, this would be reversible error). We presume, in the absence of contrary evidence, that the district judge was aware of his responsibilities and carried them out properly.

In the present case, however, the district judge believed both that no objections were filed and that the filing period had expired. Had the facts been as she believed, she would only have to review the findings of the magistrate judge for clear error. Because the presumption that the district court "acted properly" is predicated on the district court's knowledge that de novo review is required, the *Hamell* presumption is not applicable in this case.

That the district judge could have been laboring under a mistaken belief that only clear error review was required is sufficient to make out a prima facie case that de novo review was not performed. Because appellant has made a showing that de novo review was not performed, and no evidence exists to demonstrate that there was de novo review, the case should be remanded to the district court.

■ On remand, the district court should consider whether the circumstantial evidence in this case establishes a genuine issue of material fact regarding defendants' deliber-

ate indifference precluding summary judgment on Loetel's Eighth Amendment claim. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986) (summary judgment turns on whether evidence presents sufficient disagreement to require submission to jury); *see Farmer v. Brennan,* — U.S. ——, ——, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk [is] a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."). As the party opposing summary judgment, Loetel must be given the benefit of all favorable factual inferences and summary judgment cannot be granted where he presents a triable issue. *See Holloway v. Lockhart,* 813 F.2d 874, 878–79 (8th Cir.1987) (summary judgment inappropriate in § 1983 case where inmate affidavits created genuine controversy).