# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4060

_____

Dennis Russell,                              *
                                             *
        Appellant,                    *
                                             *   Appeal from the United States
    v.                                *   District Court for the
                                             *   Eastern District of Arkansas.
Willis Sargent, Warden, Arkansas             *
Department of Correction,                    *        [UNPUBLISHED]
                                             *
        Appellee.                     *

_____

Submitted:  May 28, 1998

Filed:  June 1, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

    Dennis Russell appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action against Willis Sargent, who, during the pertinent time period, was

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

warden at the Arkansas Department of Correction's Jefferson County Jail/Correctional Facility. Mr. Russell alleged he was subjected to cruel and unusual punishment by being denied medical treatment for his painful arthritis and that Warden Sargent was responsible for this constitutional violation.

Following an evidentiary hearing before the magistrate judge, see Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135 (8th Cir. 1993), the district court conducted a de novo review of the record and adopted the magistrate judge's recommendation that Mr. Russell's claim against Warden Sargent be dismissed. We conclude the district court's judgment was correct because Mr. Russell offered no evidence that Warden Sargent was aware by February 1, 1995 (the date of Russell's complaint) that Russell was being denied medical care or otherwise mistreated. See Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993) (supervisor may be liable under § 1983 for Eighth Amendment violation only when supervisor is personally involved or where supervisor's corrective inaction amounts to deliberate indifference toward or tacit authorization of violation).

Mr. Russell complains that the district court incorrectly stated that he had filed no objections to the magistrate judge's recommendation. Even assuming Mr. Russell's objections were timely, see Fed. R. Civ. P. 72(b), we conclude that any error in the district court's failure to review them was harmless because the court stated it conducted a de novo review of the record, including the testimony and exhibits. See 28 U.S.C. § 636 (b)(1); cf. Sumlin v. United States, 46 F.3d 48, 49 (8th Cir.1995) (per curiam).

Finally, we conclude the magistrate did not abuse his discretion in denying Russell's motion for appointment of counsel. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.