# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2416

———————

Lynn C. Morehouse,                     *
                                       *
        Appellant,                     *
                                       *   Appeal from the United States
    v.                                 *   District Court for the
                                       *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,     *
Social Security Administration,        *   [UNPUBLISHED]
                                       *
        Appellee.                      *

———————

Submitted:  June 17, 2005
    Filed:  June 22, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Lynn C. Morehouse appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In her November 2001 applications, Morehouse alleged disability since September 2000 from a knee injury, asthma, and wrist problems. Following a hearing, an administrative law judge

———

[1]The Honorable Stephen M. Reasoner, late a United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

(ALJ) determined that Morehouse's impairments in combination constituted a severe impairment, but not of listing-level severity; that Morehouse's subjective complaints were not entirely credible; and that her residual functional capacity did not preclude the performance of her past relevant work. The Appeals Council denied review.

In the district court, Morehouse argued that the ALJ improperly discounted all of her subjective complaints by relying on an incorrect medical record notation indicating that Morehouse smoked. She attached two documents that had not been presented to the ALJ or the Appeals Council: (1) her February 2004 attestation that she has never smoked, but that her doctor may have thought she did because her clothes smelled of smoke from living with two smokers; and (2) a medical record entry created after the Appeals Council's denial, indicating that she has chronic obstructive lung disease. She sought remand for further proceedings to determine if she is a smoker and to reevaluate her credibility. The magistrate judge recommended affirmance, and the district court adopted the magistrate judge's report, stating that it had conducted "careful review" and that Morehouse had not filed objections.

We agree with Morehouse that her objections were timely, and that the district court should have considered them. See Fed. R. Civ. P. 72(a) (party may serve objections to magistrate judge's order within 10 days of being served with order); Fed. R. Civ. P. 6 (computing time); Fed. R. Civ. P. 5(b) (making service). However, even if the district court failed to consider Morehouse's objections, see 28 U.S.C. § 636(b)(1) (district court shall conduct de novo review of any portions of magistrate judge's report to which objection is made), we find any such error harmless, cf. Sumlin v. United States, 46 F.3d 48, 48-49 (8th Cir. 1995) (per curiam) (district court improperly adopted magistrate judge's report before extension of time to file objections had expired, but merits review revealed that any error was harmless).

Specifically, we disagree with Morehouse's contention that her case should be remanded for another administrative hearing to determine if she is a smoker and to

reevaluate her credibility. First, the magistrate judge correctly declined to consider Morehouse's new evidence. Under 42 U.S.C. § 405(g), consideration of evidence outside the record before the Commissioner is generally precluded, and remand is warranted only upon the claimant's showing that there is new material evidence, and that good cause exists for the claimant's failure to incorporate the evidence into the administrative record. See Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997). Morehouse did not explain why she had not submitted to the Appeals Council her affidavit in which she denied being a smoker.[2] As to the August 2003 record containing the diagnosis of chronic obstructive pulmonary disease, we find it is not material because it does not reflect the degree of the disease or indicate that it was disabling when the ALJ rendered his May 2003 opinion.

Second, Morehouse's challenge to the ALJ's reliance on the medical record entry about smoking does not warrant remand even if the entry was erroneous. As the magistrate judge noted, the ALJ gave numerous other valid reasons for his credibility findings, none of which had anything to do with smoking (and none of which Morehouse challenges as invalid, in this appeal). Thus, the record contains substantial evidence supporting the ALJ's credibility findings. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference is warranted where ALJ's credibility determination is supported by good reasons and substantial evidence).

Accordingly, we affirm.

---

[2]We decline to consider Morehouses's newly raised contention on appeal that she submitted an affidavit to the Appeals Council. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Further, we note that the only affidavit in the record was prepared after the Appeals Council denied review. It is also noteworthy that the Appeals Council's denial letter says nothing about Morehouse submitting additional evidence.