# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1445

_____

United States of America,    *
                             *
      Appellee,           *
                             *  Appeal   from   the   United
                                States
  v.                         *  District Court for the
                             *  District of Minnesota
Thomas K. Benshop,           *
                             *
      Appellant.          *

_____

Submitted:    October 21, 1997

Filed:        March 13, 1998

_____

Before McMILLIAN, FLOYD R. GIBSON and LAY, Circuit
    Judges.

_____

McMILLIAN, Circuit Judge.

Defendant Thomas K. Benshop appeals from a final judgment entered in the United States District Court[1] for the District of Minnesota, upon a jury verdict, finding

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

him guilty of one count of bank fraud, in violation of 18 U.S.C. § 1344, and four

counts of making a materially false statement to a financial institution, in violation of 18 U.S.C. § 1014. United States v. Benshop, Crim. No. 3-96-59 (D. Minn. Jan. 30, 1997). The district court sentenced defendant to thirty-six months imprisonment, five years of supervised release, a fine of $25,000, and payment of restitution totaling $207,114.89. For reversal, defendant argues that the district court erred in denying his motion to dismiss the superseding indictment on the ground that preindictment delay resulted in a violation of his due process rights. Id. (Aug. 22, 1996) (order adopting the report and recommendation of the magistrate judge,[2] id. (Aug. 1, 1996)). For the reasons stated below, we affirm the judgment of the district court.

## Jurisdiction

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.

## Background

Defendant was initially indicted on May 22, 1996, on one count of bank fraud, three counts of making a materially false statement to a financial institution, and one count of criminal forfeiture. The charges were based upon events occurring in 1987 through 1989,

---

[2]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

approximately seven to nine years prior to the date of the indictment.  The charges in the indictment had been the subject of a lengthy grand jury investigation in the Northern District of Illinois, after which the case had been referred to the United States Attorney's Office in the District of Minnesota in October 1994.

Defendant moved to dismiss the indictment on the ground that preindictment delay resulted in a violation of his due process rights. He argued, among other things, that his defense had been prejudiced because a key defense witness, Mr. Leslie Formell, had died in a car accident in February 1996. The matter was submitted to a magistrate judge, who recommended that defendant's motion be denied because defendant had failed to show sufficient prejudice resulting from the preindictment delay and failed to show that the government had intentionally delayed the indictment to harass or gain a tactical advantage. Id., slip op. at 4-5 (D. Minn. June 27, 1996) (report and recommendation). Upon receiving no objections to the magistrate judge's report and recommendation, the district court denied defendant's motion. Id. (July 23, 1996).

In the meantime, on July 2, 1996, defendant was charged by a superseding indictment with one count of bank fraud, four counts of making a materially false statement to a financial institution, and one count of criminal forfeiture. The charges were again based upon events occurring in 1987 through 1989. Defendant filed, among other motions, a motion to dismiss the superseding indictment based upon preindictment delay. That motion was denied for the same reasons that his first motion to dismiss was denied. Id. (Aug. 22, 1996) (upon receiving no objections, adopting the magistrate judge's report and recommendation, id. (Aug. 1, 1996)).

The case went to trial in September 1996. At trial, the government introduced evidence of the following events. In August 1988, Formell, an architect, purchased

the Graceville State Bank in Graceville, Minnesota. Formell selected a new board of directors (the board) for the Graceville State Bank, which included, among others, himself, E. Joseph Seifert, three former board members, and defendant. At that time, Formell and defendant already knew each other, having previously been involved in a building project together. A three-member "executive loan committee" was also created which consisted of Formell, defendant, and Seifert, who was also the bank president.

On August 15, 1988, defendant sought a loan from the Graceville State Bank for $100,000. He did not propose the loan at a board meeting on August 15, 1988. Instead, he approached Seifert after the board meeting to request the note. Defendant told Seifert that he had the support of a majority within the three-member executive loan committee because both defendant and Formell approved the loan. Seifert opposed giving defendant the $100,000 loan. Thereafter, defendant submitted financial documentation to Seifert to support his request for the loan. Among those documents was defendant's personal financial statement which declared that defendant had no judgments or outstanding legal actions against him. In fact, he had judgments against him totaling $285,975. Later that same day, August 15, 1988, Seifert drew up the note for defendant's $100,000 loan. The next day, August 16, 1988, Seifert informed the other board members about defendant's $100,000 loan. Some of the board members expressed their intent to resign. The loan came up for a vote at the next board meeting and the board voted against it. Thereafter, Formell asked defendant to resign from the board, and defendant did. Formell sent a letter to the FDIC noting that a mistake had been made when the Graceville State Bank made the $100,000 loan to one of its board members (i.e., defendant) without board approval, but that the mistake had been corrected by the resignation of that board member.

Defendant fell behind in paying off the $100,000 loan. He was required to renew the loan and submit documentation in support thereof. Defendant again submitted documents which misstated his personal financial status. He obtained the renewal but continued

to fail in his payments.  The Graceville State Bank later sued him for the unpaid balance of $93,000.

The government also introduced evidence at trial concerning four other loans defendant obtained from other banks.  Those loans included a $10,000 loan in April 1987 from TCF Savings and Loan, of which that bank lost over $9,800.  To obtain that loan, defendant submitted a falsified 1985 tax return showing an income level of $150,000, whereas the income tax return he actually filed declared a negative adjusted

gross income for 1985.  Defendant obtained another loan in October 1988 from the Marquette, Lakeville Bank, using false documentation.  That loan was for $27,500, of which $26,500 was never recovered.  In February 1989, defendant borrowed $32,000 from the Signal Hills Bank using false documentation.  Over $31,400 of that loan was written off.  In August 1989, defendant used false documentation to obtain a renewal of a $46,748 loan from the FirStar Shelard Bank. That loan was eventually written off for nonpayment.  In each case, defendant omitted, among other things, the fact that he had judgments against him totaling $285,975.

Defendant testified at trial in his defense.  He testified that he did not believe he had made any false statements to the banks because he did not feel an obligation to disclose judgments against himself.  With respect to the Graceville State Bank loan, he testified that Formell was a friend and business associate who was well aware of defendant's financial circumstances and outstanding judgments against him.  Defendant also testified about a conversation between himself and Formell which allegedly occurred while the two were driving together to the board meeting on August 15, 1988. According to defendant, he informed Formell at that time of his intent to request a $100,000 loan and further explained his reasons why he was confident that he would be able to repay the loan.

The jury found defendant guilty of all five offenses charged in the superseding indictment and returned a special verdict against defendant on the forfeiture count.  Following his sentencing, defendant appealed.

## Discussion

Defendant's sole argument on appeal is that the district court erred in failing to dismiss the superseding indictment on the basis of preindictment delay in violation of his rights under the Due Process Clause. Defendant maintains that he did not waive the right to raise this issue on appeal by failing to reassert it in a post-trial motion

because, following a trial, "[t]he district court is free to reevaluate whether the delay has caused [the defendant] such prejudice as to impair the fairness of the trial." United States v. Bartlett, 794 F.2d 1285, 1294 (8th Cir.), cert. denied, 479 U.S. 934 (1986).

"To show preindictment delay violated the Due Process Clause, a defendant must first show the delay actually and substantially prejudiced the defendant. If the defendant establishes actual, substantial prejudice, then the court balances the reasons for the delay against the prejudice shown." United States v. McDougal, 133 F.3d 1110, 1113 (8th Cir. 1998) (citing Bennett v. Lockhart, 39 F.3d 848, 851(8th Cir. 1994), cert. denied, 514 U.S. 1018 (1995), and United States v. Bartlett, 794 F.2d at 1289). If actual and substantial prejudice has been demonstrated, the government may be required to show that the delay was for investigative purposes or some other legitimate reason. See, e.g., United States v. Lovasco, 431 U.S. 783, 795-96 (1977) ("In our view, investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused' . . . . [T]o prosecute a defendant following investigative delay does not deprive him [or her] of due process, even if his [or her] defense might have been somewhat prejudiced by the lapse of time."); United States v. Bartlett, 794 F.2d at 1293-94 & nn.12-14 (commenting, in dictum, on the government's justification for the delay and concluding "[w]e . . . have difficulty finding in the government's decision to delay indicting [the defendant] an appropriate governmental interest"). Absent a showing that the government acted intentionally to harass or to gain a tactical advantage, no due process

-11-

violation may be found.  <u>United States v. Stierwalt</u>, 16 F.3d 282, 285 (8th Cir. 1994); <u>see also</u> <u>United States v. Marion</u>, 404 U.S. 307, 324 (1971) (noting "the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the preindictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused").

Defendant argues that he was actually and substantially prejudiced in this case because Formell died in February 1996, eight years after the events involving the Graceville State Bank, but before defendant was ever indicted. According to defendant, Formell would have testified that, prior to defendant's formal request for the $100,000 loan from the Graceville State Bank, Formell and defendant had been alone together in a car, traveling to the August 15, 1988, board meeting, when defendant explained to Formell his business reasons for needing the $100,000 loan and his reasons for being confident that he could repay the loan. Defendant maintains that Formell would have further testified that, at that time, he (Formell) had been a friend and business associate of defendant's for several years and already knew about the several judgments against defendant. Defendant also claims that Formell would have testified that he (Formell) asked defendant to seek the renewal of the loan to improve the financial appearance of the bank, even though he knew that defendant was on the verge of declaring bankruptcy. Defendant argues that Formell's testimony would have shown that defendant lacked the intent to defraud the Graceville State Bank at the time he initially applied for and obtained the $100,000 loan and later in the loan renewal process. Defendant also maintains that Formell's testimony was unavailable from any other sources. Consequently, defendant concludes, he suffered actual and substantial prejudice as a result of Formell's absence as a trial witness. Defendant additionally argues that the magistrate judge erred in placing the burden of proof on him to show that the government intentionally delayed the indictment to harass or gain a tactical advantage. See slip op. at 4 (Report

and Recommendation) (Aug. 1, 1996) ("Even if the Defendant were to show prejudice, he has not shown that the Government intentionally delayed the indictment to harass or gain a tactical advantage.").

In response, the government first argues that defendant failed to preserve the issue now being raised on appeal and therefore the denial of defendant's motion to dismiss the superseding indictment must be reviewed under the plain error standard. In support of this argument, the government notes that defendant did not file objections to the magistrate judge's report and recommendation and did not renew his motion to

dismiss the indictment after the trial. On the merits of the preindictment delay issue, the government maintains that "[b]efore an inquiry is made into any actual prejudice suffered, the defendant must establish that the 'government intentionally delayed either to gain a tactical advantage or to harass [him].'" Brief for Appellee at 18 (citing <u>United States v. Meyer</u>, 906 F.2d 1247, 1251 (8th Cir. 1990) (per curiam)).  The government then points out that the delay in this case resulted primarily from a lengthy grand jury investigation in the Northern District of Illinois, from which the present case was referred to the United States Attorney's Office in the District of Minnesota in October 1994.  Moreover, the government maintains, defendant never argued, nor is there any evidence to show, that the government intentionally delayed the indictment in order to harass him or to gain a tactical advantage.  The government also separately argues that defendant did not suffer actual or substantial prejudice as a result of the delay.  The government contends that, according to defendant's own assertions, Formell's testimony at best would have merely corroborated defendant's own testimony and it was therefore available from another source.  <u>See</u> <u>United States v. Bartlett</u>, 794 F.2d at 1291 (reversing district court's pretrial dismissal based upon unreasonable preindictment delay where prejudice resulting from death of potential witness was too speculative and the defendant had not shown why the information would not have been available from the victim on cross-examination or the defendant himself, if he chose to testify). Alternatively, the government maintains that Formell's testimony, as described by defendant, would not have

exonerated defendant but merely would have incriminated Formell as an accomplice.

As a threshold matter, we reject as meritless the government's waiver argument. The cases cited in the government's brief are all inapposite because, in each of them, the issue deemed waived was truly being raised for the first time on appeal. Defendant clearly did raise his due process claim based upon preindictment delay in his motion to dismiss the superseding indictment. Therefore, it is not being raised for the first time on appeal. The government now suggests that the preindictment delay issue should nevertheless be deemed waived in the present case because it was not reasserted

after the trial, thus allowing the district court an opportunity to reevaluate defendant's due process argument in light of the evidence presented at trial. We disagree.

"'A defendant must raise before trial by motion any objections based on defects in the indictment.'" <u>United States v. Sileven</u>, 985 F.2d 962, 965 (8th Cir. 1993) (quoting <u>United States v. Richards</u>, 723 F.2d 646, 648 (8th Cir. 1983) (per curiam)). Defendant therefore raised the preindictment delay issue in a timely manner, and we think it would be both unfair and unwise under the present circumstances to deem the issue waived because defendant did not reassert the same issue at other procedural opportunities, such as at the end of the trial. Nor is the government correct in asserting that the issue was waived because defendant failed to object to the magistrate judge's report and recommendation. The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will <u>not</u> result in a waiver of the right to appeal "'when the questions involved are questions of law or mixed questions of law and fact, or when neither the local court rule nor the magistrate's notice has clearly informed the [parties] that failure to object to the magistrate's report will result in a waiver of the right to appeal.'" <u>Francis v. Bowen</u>, 804 F.2d 103, 104 (8th Cir. 1986) (per curiam) (quoting <u>Nash v. Black</u>, 781 F.2d 665, 667 (8th Cir. 1986)). Not only are we dealing with a question of law in the present case, but also neither the local rule cited in the government's brief nor the magistrate judge's report and recommendation states that

a failure to file objections would result in a waiver of the right to appeal.

We also note that the government incorrectly asserts that "[b]efore an inquiry is made into any actual prejudice suffered, the defendant must establish that the 'government intentionally delayed either to gain a tactical advantage or to harass [him].'" Brief for Appellee at 18 (citing United States v. Meyer, 906 F.2d at 1251). The actual and substantial prejudice issue is ordinarily considered first, and the defendant's failure of proof on that issue is a sufficient ground on which to deny a motion to dismiss. United States v. Savage, 863 F.2d 595, 598 (8th Cir. 1988) ("[o]nly

where actual prejudice has been established will the court inquire into the reasons for the delay"), cert. denied, 490 U.S. 1082 (1989). Indeed, in United States v. Meyer, 906 F.2d at 1251, upon which the government relies, this court disposed of the defendant's preindictment delay claim on the basis of the government intent issue, but also stated "we would normally first inquire into whether [the defendant] was actually prejudiced by the delay."

We now turn to the question of whether defendant suffered actual and substantial prejudice as a result of Formell's unavailability as a trial witness. Upon careful review, we agree with the district court's finding that defendant was not sufficiently prejudiced by the unavailability of Formell as a trial witness to establish a due process violation. It is well-established in this circuit that, in this due process inquiry, an assessment of the nature and degree of the prejudice resulting from the missing evidence must be made in light of the overall strength of the government's case. United States v. Bartlett, 794 F.2d at 1292. In the present case, the government introduced the testimony of other Graceville State Bank board members that Formell was himself misled by defendant's misrepresentations. The government also introduced the letter sent by Formell to the FDIC shortly after defendant acquired the $100,000 loan, which admitted that the loan had been made in violation of the regulations. That letter from Formell to the FDIC stated "[m]y lack of knowledge of the banking regulations as well as my dependence on this board member [i.e., defendant] as an advisor is the cause of this mistake." Thus, Formell's own contemporaneous written

statement clearly indicates that he had been materially misled by defendant and was himself a victim of defendant's conduct. It is therefore reasonable to conclude that Formell would not have testified as defendant alleges. More importantly, however, even if Formell would have testified as defendant suggests, the story that he allegedly would have told does not, as defendant maintains, tend to disprove the government's theory that defendant intentionally defrauded the bank as an institution. Defendant misrepresented his personal financial status in documentation submitted to Seifert and the whole board of directors, not just Formell,

prior to securing the $100,000 loan and the loan renewal. Thus, even if believed, Formell's purported testimony merely would have shown, as the government suggests, that Formell was a knowing participant in defendant's fraud. Defendant therefore has not proven actual and *substantial* prejudice. See id. at 1292-93 (holding that absence of testimony of deceased potential witness did not result in substantial prejudice in light of overall strength of the government's case). Accordingly, we hold that the district court did not err in denying defendant's motion to dismiss the superseding indictment.

## Conclusion

For the reasons stated, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.