# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3162

_____

Constance A. Onyiah

*Plaintiff - Appellant*

v.

St. Cloud State University; Minnesota State Colleges and Universities; Peiyi Zhao, in her individual and official capacities; Daniel Gregory, in his individual and official capacities; Dale Buske, in his individual and official capacities; Melissa Hanszek-Brill, in her individual and official capacities; Ellyn Bartges, in her individual and official capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2020
Filed: July 22, 2021

_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Dr. Leonard Onyiah,[1] a tenured professor, sued the Minnesota State Colleges and Universities (the "MSCU"), St. Cloud State University and Board of Trustees (the "University"), and five University employees. Invoking 42 U.S.C. §§ 1981 and 1983, Onyiah claimed various discrimination and retaliation counts. The district court[2] dismissed some claims on the pleadings, Fed. R. Civ. P. 12(b)(6), and the rest at summary judgment, Fed. R. Civ. P. 56(a). We affirm.

## I. Background

Onyiah taught statistics at the University, most recently in the College of Science and Engineering's Department of Mathematics and Statistics. During times relevant to this appeal, Daniel Gregory served as the Dean of the College, Professors Dale Buske and then Peiyi Zhao served as Chair of the Department, Melissa Hanszek-Brill served as a faculty member, and Ellyn Bartges served as Equity and Affirmative Action Officer (collectively, the "individual appellees").

Onyiah's impetus to sue was based on a series of decisions made between 2013 and 2016 about faculty class schedules, resource allocation, and participation in certain programs. Onyiah, a Black man born in Nigeria, claimed the individual appellees made these adverse decisions against him because of his race and national origin. He also claimed the individual appellees retaliated against him for an earlier lawsuit against the University, *Onyiah v. St. Cloud State University*, 684 F.3d 711 (8th Cir. 2012), and for reporting a University employee's alleged discriminatory conduct.

Onyiah sued the MSCU, the University, and the individual appellees. Onyiah relevantly asserted various counts of discrimination and retaliation in violation of

---

[1]After Dr. Onyiah died in June 2020, we granted a motion to substitute his wife and primary beneficiary, Constance A. Onyiah, as appellant.

[2]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

§ 1981, which prohibits racial discrimination in making and enforcing contracts. *See Ellis v. Houston*, 742 F.3d 307, 318–19 (8th Cir. 2014) (explaining § 1981 offers protection against racial harassment and also allows for retaliation claims). Some confusion existed about whether he sued directly under § 1981 or under 42 U.S.C. § 1983. *Id.* ("Section 1983 provides a cause of action to any person deprived of a federal right by someone acting under color of law[,]" including rights under § 1981). In his prayer for relief, Onyiah sought compensatory and punitive damages, a permanent injunction to stop continued discrimination and retaliation against him, and attorney fees and costs.

Adopting the report and recommendation of the magistrate judge,[3] the district court dismissed several of the counts, including the free-standing § 1981 retaliation claims, under Federal Rules of Civil Procedure 12(b)(6). The magistrate judge reasoned Onyiah could not maintain claims directly under § 1981 against the defendants, all of whom were state actors, because precedent dictated such claims be brought under § 1983. *See Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). After the district court's Rule 12(b)(6) order, seven alleged violations of § 1981 remained against the individual appellees. These seven—two discrimination and five retaliation counts—were all brought under § 1983.

The district court awarded summary judgment to the individual appellees on those counts and dismissed the action with prejudice. Applying the *McDonnell Douglas* burden-shifting framework, the district court concluded Onyiah's retaliation counts failed as a matter of law because he failed to establish his prima facie case of retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Ellis*, 742 F.3d at 319 (explaining that we analyze § 1981 retaliation claims under *McDonnell Douglas*). And even if Onyiah had met his burden, the

---

[3]The Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

district court reasoned that he could not show the individual appellees' legitimate, non-discriminatory reasons for taking the adverse actions were pretextual.[4]

## II. Discussion

Onyiah appeals the Rule 12(b)(6) dismissal of his freestanding § 1981 retaliation claims and the summary judgment dismissal of his other § 1981 retaliation claims brought under § 1983.[5] We discuss each in turn.

### A.

Onyiah argues that the district court wrongly dismissed his freestanding § 1981 claims. We review de novo a district court's disposition of a motion to dismiss for failure to state a claim under Rule 12(b)(6).[6] *See McPherson v. Brennan*, 888 F.3d 1002, 1003 (8th Cir. 2018).

---

[4]The district court also awarded summary judgment on Onyiah's § 1981 discrimination claims. Because Onyiah does not meaningfully challenge this ruling on appeal, his discrimination claims are abandoned. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

[5]We hold that Onyiah's request for injunctive relief is moot in light of Onyiah's death. *See Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (explaining that a claim for injunctive relief was moot when the plaintiff passed away while the appeal was pending).

[6]The opinion concurring in the judgment would not reach this issue, concluding it was waived on account of Onyiah's failure to raise the issue to the district court after the magistrate judge recommended dismissal of the § 1981 claim. We remain unconvinced the issue was waived. *See United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will not result in a waiver of the right to appeal 'when the questions involved are questions of law[.]'") (cleaned up) (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986)). But even if it was, we have "the discretion to consider an issue for the first time on appeal where the proper resolution is beyond any doubt . . . or when the argument involves a purely

The district court held Onyiah was barred from asserting § 1981 retaliation claims against state actors. *See Artis*, 161 F.3d at 1182 ("A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983."). Onyiah views the rule in *Artis* as dicta and says that case relied on a Supreme Court opinion, *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), which he maintains was overruled when Congress amended § 1981 through the Civil Rights Act of 1991, Pub.L. 102-166, 105 Stat. 1071. Onyiah urges us to follow the approach adopted by our sister circuit, which held "that the amended . . . § 1981 contains an implied cause of action against state actors, thereby overturning *Jett*'s holding that . . . § 1983 provides the exclusive federal remedy against state actors for the violation of rights under . . . § 1981." *Fed'n of Afr. Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996). Under our precedent, we cannot reach the same conclusion. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 800 (8th Cir. 2009) ("*[B]ecause* [the plaintiff] may pursue a § 1981 claim against the City *only through § 1983* . . . the district court properly dismissed [the plaintiff's] claim against the City under § 1981.") (emphasis added); *accord Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 671 (7th Cir. 2014) ("We now join the overwhelming weight of authority and hold that *Jett* remains good law, and consequently, § 1983 remains the exclusive remedy for violations of § 1981 committed by state actors.").

Since *Artis*, we have repeatedly recognized the prohibition on freestanding § 1981 claims against state actors. *See Jones v. McNeese*, 746 F.3d 887, 896 (8th Cir. 2014); *Flowers*, 558 F.3d at 800; *Lockridge v. Bd. of Trs. of U. of Ark.*, 315 F.3d 1005, 1007 (8th Cir. 2003) (en banc). Onyiah suggests these statements were dicta. But this is not true of *Flowers*, where our holding depended on applying the rule prohibiting direct § 1981 claims against state actors. 558 F.3d at 800. Onyiah's argument is therefore foreclosed. *See Mader v. United States*, 654 F.3d 794, 800

legal issue in which no additional evidence or argument would affect the outcome of the case." *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 891 (8th Cir. 2009). Here, we resolve the purely legal issue, which is controlled by our precedent.

(8th Cir. 2011) (en banc) (noting the cardinal rule that a panel must follow a prior panel's holding).  The district court correctly dismissed Onyiah's freestanding § 1981 claims.

**B.**

Next we consider Onyiah's efforts to revive the retaliation claims dismissed at summary judgment.  We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to Onyiah as the nonmoving party and drawing all reasonable inferences in his favor.  *See Williams v. UPS*, 963 F.3d 803, 807 (8th Cir. 2020).  Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Although we view the evidence and draw all reasonable inferences in favor of the nonmoving party, we do not credit 'mere allegations, unsupported by specific facts or evidence.'"  *Williams*, 963 F.3d at 807 (quoting *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007) (cleaned up)).

"We apply the '*McDonnell Douglas* analytical framework to a retaliation claim under 42 U.S.C. § 1981.'"  *Id.* (quoting *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997)).  When, as here, a plaintiff lacks direct evidence of retaliation, he must first make a prima facie case by showing: "(1) protected activity, (2) subsequent adverse employment action, and (3) a causal relationship between the two." *Id.* (quoting same).  Assuming a plaintiff meets this burden, a defendant must show legitimate, non-retaliatory reasons for the challenged actions.  *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1031 (8th Cir. 2013).  If a defendant does so, a plaintiff must "show by a preponderance of the evidence" that the "proffered reason was pretextual." *Id.*

The district court rejected Onyiah's claims for multiple reasons, including his failure to meet his burden on causation.  "A causal relationship exists where 'the desire to retaliate was the but for cause of the adverse action.'"  *Williams*, 963 F.3d

at 807 (quoting *Sayger*, 735 F.3d at 1032 (cleaned up)). "We have previously held that, without more, an 'interval of more than two months is too long to support an inference of causation.'" *Id.* at 808 (quoting *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 616 (8th Cir. 2003)).

The district court observed that Onyiah's previous lawsuit ended in 2013 and his internal discrimination complaint was filed in October 2013. The district court explained the only adverse acts that were *supported by evidence* took place during the Spring 2016 and Summer 2018 semesters. "Regardless of what protected activity one associates with which assertedly adverse action," the district court reasoned, "the temporal connection is not close enough to alone raise an inference of causation." With no direct evidence of retaliation, the district court properly held that Onyiah could not establish causation as a matter of law.

On appeal Onyiah has not told us how the district court erred in its causation holding.[7] His only argument that arguably relates in any way to the district court's causation holding is his general assertion that the district court drew inferences against him in violation of the summary judgment standard. But after review of the record, we detect no such error. The district court properly applied the summary judgment standard. *See Williams*, 963 F.3d at 807; *accord Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) ("The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Having failed to raise a triable fact on causation, Onyiah cannot, as a matter of law, prevail on his retaliation claims.

---

[7]Onyiah advances several challenges to the district court's broader retaliation ruling, which in light of our causation holding, we need not reach.

## III. Conclusion

We affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring.

I join the opinion of the court, including the conclusion that appellant Onyiah did not waive her argument regarding a claim for damages under 42 U.S.C. § 1981. *Ante*, at 4 n.6. I add these observations regarding the suggestion of waiver.

First, it is not accurate that Leonard Onyiah raised one legal theory in the district court, while his wife pursued a different theory on appeal. Leonard filed the appellate briefs in this court before he died. The legal theory on appeal is Leonard's theory, and it is consistent with his position in the district court.

Second, Onyiah did not raise a new issue on appeal. He argued in response to the defendants' motion to dismiss in the district court that both 42 U.S.C. § 1981 and 42 U.S.C. § 1983 allow claims for damages against state officials. R. Doc. 32, at 7. The defendants did not argue to the contrary. The magistrate judge, however, recommended dismissal of the § 1981 claims. The judge reasoned that Onyiah could not properly assert a retaliation claim against state actors directly under § 1981, and that he must bring such a claim through § 1983. R. Doc. 38, at 11. The magistrate judge relied on *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1181 (8th Cir. 1998), which in turn cited *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989). The district judge adopted the report and recommendation on this point. R. Doc. 39, at 2.

Under the law of this circuit, Onyiah may appeal the magistrate judge's legal conclusion regarding § 1981 without objecting to the judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998); *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345-46 (8th Cir. 1993); *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990)

(per curiam). There is no merit to the idea that Onyiah may renew his argument that § 1981 provides a claim for damages against state actors, but that he is forbidden to cite the Civil Rights Act of 1991. *See, e.g.*, *Sexton v. Martin*, 210 F.3d 905, 914 n.8 (8th Cir. 2000); *Universal Title Ins. Co. v. United States*, 942 F.2d 1311, 1314 (8th Cir. 1991); *Alston v. Town of Brookline*, 997 F.3d 23, 44 (1st Cir. 2021); *Felter v. Kempthorne*, 473 F.3d 1255, 1261 (D.C. Cir. 2007); *United States v. Rapone*, 131 F.3d 188, 196 (D.C. Cir. 1997). That rule would be contrary to sound principles of waiver described in the cases cited and particularly unfair in this case, where the defendants' motion to dismiss did not dispute the availability of a cause of action under § 1981.

Third, Onyiah did not intentionally relinquish his right to appeal the district court's dismissal of his claims under § 1981. He never disclaimed his right to dispute the magistrate judge's legal conclusion. Nor did he take "exactly the opposite" position in the district court. After the district court dismissed the § 1981 claims, the defendants moved for summary judgment and argued that Onyiah's retaliation claims based on the First Amendment should be dismissed. R. Doc. 90, at 12. The defendants did not mention Onyiah's retaliation claims based on alleged violations of § 1981. Because the court had dismissed Onyiah's claims under § 1981, the law of the case required him to pursue any violation of § 1981 through § 1983. In that context, Onyiah argued as follows:

> It further bears emphasis that the foregoing retaliation claims were brought, both as a violation of Plaintiff's rights guaranteed under the First Amendment, and under 42 U.S.C. § 1983 for violation of the Plaintiff's rights conferred by 42 U.S.C. § 1981, to sue, like White citizens, and to enjoy the full benefits of his contractual relationship with SCSU. See Plaintiff's Second Amended Complaint, Dkt. 52, ¶¶1, 19, 20, 21, 22 and 31; Deposition of Leonard Onyiah, Dep., 20:22-25; pages 21-24. The United States Supreme Court has explicitly held that "§1981 encompasses retaliation claims." See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446, 2128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008). It has also been held that 42 U.S.C. §1983 "provides the *exclusive* federal damages remedy for the violation of rights guaranteed

by §1981 *when the claim is pressed against a state actor*." <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 735 (1989) (Emphasis added).

In their motion for summary judgment, Defendants have confined themselves to retaliation claims based on the First Amendment as if Plaintiff's retaliation claims in this action are based *solely* on the First Amendment and, therefore, missed the thrust of those claims. To the extent that Defendants pitched their motion on the assumption that Plaintiff's retaliation claims are based *solely* on the First Amendment, Defendants are mistaken, and Plaintiff declines to join issue with Defendants on that. Suffice it to say, however, that Defendants have failed to discharge their burden by demonstrating *that there are no genuine material issues to be tried in connection with all of the Plaintiff's retaliation claims.* Defendants are therefore not entitled to judgment as a matter of law with regard to all of Plaintiff's retaliation claims. As shown hereunder, both the Second Amended Complaint and the deposition testimony of Plaintiff clearly demonstrate that Plaintiff made retaliation claims based upon the fact that he had filed a prior lawsuit against SCSU followed by internal discrimination complaints in 2013.

R. Doc. 109, at 4-5.

Onyiah's memorandum acknowledged, quoting *Jett*, that it "has also been held" that § 1983 provides the exclusive damages remedy for the violation of rights guaranteed by § 1981. He never "claimed" that the holding of *Jett* was unaffected by the Civil Rights Act of 1991. His memorandum said nothing one way or the other on that issue, and there was no reason to address it. At that point, the district court had dismissed the § 1981 claims, and Onyiah's memorandum accurately recited the law of the case. Onyiah's argument was simply that the motion for summary judgment addressed only retaliation claims based on the First Amendment, and that the defendants were thus not entitled to judgment on all of Onyiah's remaining retaliation claims under § 1983, including those premised on alleged violations of § 1981.

-10-

For good reason, the defendants do not argue on appeal that Onyiah waived any issue regarding a claim for damages under § 1981. As there was no waiver, this court properly addresses whether appellant Onyiah may pursue a claim for damages against state actors under § 1981, and correctly resolves that question in the negative. *Accord Duplan v. City of New York*, 888 F.3d 612, 620-21 (2d Cir. 2018) (joining nine other circuits in concluding that "§ 1981 does not provide a separate private right of action against state actors").

STRAS, Circuit Judge, concurring in part and concurring in the judgment.

When it comes to suing state actors, the late Leonard Onyiah had one theory before the district court and his wife, now substituted as appellant, has a different one on appeal. The argument today is that he was able to sue them directly under 42 U.S.C. § 1981, rather than through 42 U.S.C. § 1983, because the Civil Rights Act of 1991 overruled *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). *See id.* at 733 (holding that section 1983 is "the exclusive federal remedy for [a] violation of" section 1981 "by state governmental units"). This argument, however, was never made to the magistrate judge or to the district court, even after the magistrate judge raised the issue and specifically recommended dismissing Onyiah's claims for failure to bring them under section 1983. *See United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) (noting that arguments are "deemed waived" when they are "truly being raised for the first time on appeal").

Onyiah did more than just stay silent, though. When he finally addressed *Jett* before the district court, his position was exactly the opposite. Far from saying, as his wife does now, that it no longer applies following a statutory change, he claimed that section 1983 is actually "the *exclusive* federal damages remedy." R. Doc. 109, at 4–5 (emphasis added by Onyiah) (quoting *Jett*, 491 U.S. at 735). By taking that position before the district court, Onyiah "'intentional[ly] relinquish[ed]'" the right to make "the polar[-]opposite" argument on appeal. *United States v. Sukhtipyaroge*, No. 19-2799, 2021 WL 2446780, at *2 (8th Cir. June 16, 2021) (brackets in original) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Given that we do not

-11-

address arguments that litigants have waived, I would end the analysis there and leave any questions about the interaction between sections 1981 and 1983 for another day.[8]  *See Reinard v. Crown Equip. Corp.*, 983 F.3d 1064, 1066 (8th Cir. 2020) (explaining that "we do not review" waived issues).

_____

_____

[8]The concurrence, for its part, constructs a convoluted theory about why Onyiah did not waive his *Jett* argument.  Despite its lengthy explanation, the concurrence does not grapple with at least two inescapable facts.  First, until now, Onyiah has *never* argued to *anyone* that the Civil Rights Act of 1991 overruled *Jett*.  The magistrate's report and recommendation neither changes that fact nor entitles him to a get-out-of-waiver-free card.  *See Benshop*, 138 F.3d at 1234.  Second, all he needed to say in his summary-judgment briefing was that he *could* bring his section 1981 retaliation claims under section 1983, not that he had to do so.  It is one thing if the court, in its discretion, wants to address a waived issue.  But it is another for the concurrence to rewrite the record and pretend that Onyiah preserved an argument he both never made and directly contradicted.