# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2098
_____

Adam R. Hageman

*Plaintiff - Appellant*

Khalil Billups

*Plaintiff*

v.

Minnesota Department of Corrections; Lt. J. Rykken; Lt. Engeldinger; Lt. Baird;
Sgt. G. Brausen; Officer Fleck; Officer B. Hudek; Officer Matthew Kotaska;
Officer Tyler Haugen; Officer Christopher Fadling; Officer Zachariah Frank;
Officer J. Elmore; Officer J. Lehner; Officer Anderson; Officer Zencius;
Officer S. Mielke; Warden Eddie Miles; AWO Carol Krippner

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 11, 2023
Filed: July 26, 2023
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Former Minnesota prisoner Adam Hageman appeals following the district court's dismissal of his pro se 42 U.S.C. § 1983 action alleging various civil rights and conspiracy claims. On appeal, he argues the district court erred in dismissing a claim for First Amendment retaliation and a claim for excessive force. After careful de novo review, *see Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 929 (8th Cir. 2021) (reviewing Fed. R. Civ. P. 12(b)(6) dismissal de novo), we affirm in part and reverse in part.

We conclude the district court did not err in dismissing Hageman's retaliation claim because Hageman does not make sufficient allegations to connect the defendants' conduct or his treatment with his religious expression. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (affirming dismissal of retaliation claim where inmate failed to allege sufficient facts to support inference of retaliatory animus); *see also De Rossitte v. Correct Care Sols., LLC*, 22 F.4th 796, 804 (8th Cir. 2022) (noting First Amendment retaliation claim fails without link between adverse action and retaliatory motive).

We conclude, however, the district court erred in dismissing Hageman's excessive force claim. At the motion to dismiss stage, "[w]e assume all factual allegations in the complaint are true and we make all reasonable inferences in favor of the nonmoving party." *Dormani v. Target Corp.*, 970 F.3d 910, 914 (8th Cir. 2020). Accordingly, taking Hageman's allegations as true, we assume corrections officers forcibly removed Hageman from his cell bunk at 7:30 p.m. while he was quietly studying his Bible. The "five" officers "'assaulted him by lifting [Hageman] by the handcuffs chain inflicting demonstrable bodily harm in the process of moving/escorting' him." And "[a]s a result, Hageman's right thumb and index finger were cut, and his wrist was broken." Hageman further alleges he was "not resisting" and there was no need to use force to maintain or restore discipline when the five named officers removed him from his cell.[1]

---

[1]While these allegations were contained in Hageman's Objection to the Report and Recommendation, the district court treated the objection as a motion to amend the complaint and an attempt to resolve assumed factual inconsistencies and

Nonetheless, the district court declined to infer "malicious and sadistic motivations for [the corrections officers'] use of force" because such an inference was "not supported by any alleged facts." The district court relied on a case resolved at the summary judgment stage against a "recalcitrant inmate" who not only refused an officer's command to be handcuffed but resisted cuffing by throwing objects and spitting at officers, who ultimately used pepper spray in short bursts. *See Burns v. Eaton*, 752 F.3d 1136, 1138–39 (8th Cir. 2014). In *Burns*, the plaintiff's "contention [was] he posed no threat because he was alone in a locked cell[, which] ignores the reality of what was required 'to maintain or restore discipline' in this situation." *Id.* at 1139 (recounting undisputed facts in summary judgment record describing the recalcitrant inmate). The *Burns* case highlights the often dispositive difference between reviewing dismissal at the summary judgment stage compared to the motion to dismiss stage. On a motion to dismiss, we must rely only on Hageman's alleged facts. Hageman "need only provide sufficient facts to have 'state[d] a claim to relief that is *plausible* on its face.'" *Tholen v. Assist Am., Inc.*, 970 F.3d 979, 983 (8th Cir. 2020) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, granting dismissal of Hageman's excessive force claim was premature.

"[W]henever prison officials stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (brackets in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). "This is a highly deferential

---

accepted the additional allegations as true. Even if the district court had not done so, this court may. *See Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (noting a court of appeals may construe a prisoner plaintiff's objections to a report and recommendation as a motion for leave to amend). The five officers were listed in the initial complaint with others as defendants, listed in the supplement to the amended complaint with others who allegedly caused harm, and specifically identified in the objection as the officers who removed him from his bunk, lifted him by the handcuff chain, and broke his wrist.

standard." *Jackson*, 866 F.3d at 974. Nevertheless, the standard "does not insulate from review actions taken in bad faith and for no legitimate purpose[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, force applied with "a complete absence of a penological purpose" may raise "the reasonable inference that the officers acted maliciously in an effort to cause harm[.]" *Williams v. Jackson*, 600 F.3d 1007, 1014 (8th Cir. 2010); *cf. Burns*, 752 F.3d at 1140 (noting undisputed facts describing the use of pepper spray on a recalcitrant inmate did not suggest "a complete absence of penological purpose").

Accepting as true Hageman's allegations, including the additional details provided in his objection to the magistrate judge's report and recommendation, we find the allegations were sufficient to plausibly state a claim under § 1983 for excessive force. At this early stage of the litigation, the facts alleged create a reasonable inference the officers acted maliciously in an effort to cause harm because the corrections officers applied force without justification against a non-violent, cooperative inmate during a non-emergency transfer—that is, use of force sufficient to break a cooperative inmate's wrist with a complete absence of any penological purpose. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Hageman's suit was dismissed before the defendants were required to answer the complaint, let alone to advance evidence that might help determine whether the officers' application of force was a reasonable effort to maintain or restore discipline. The five corrections officers, Engeldinger, Fleck, Kotaska, Haugen, and Mielke, will, in the normal course, be given the opportunity to rebut the negative inference.

Accordingly, we reverse the grant of the defendants' motion to dismiss as to the excessive force claim, remand for further proceedings on that claim, and otherwise affirm the judgment of the district court.

_____